UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:25-cr-0056-JRS-TAB |
| | ) | |
| MICHAEL BONNER, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On February 19, 2026, the Court held a hearing on the Petitions for Warrant or Summons for Offender Under Supervision filed on June 9, and November 17, 2025. Defendant Bonner appeared in person with his appointed counsel Bill Dazey. The government appeared by Patrick Gibson, Assistant United States Attorney. The U. S. Probation Office appeared by Officer Ariene Boren.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The Court advised Defendant Bonner of his rights and provided him with copies of the petitions. Defendant Bonner orally waived his right to a preliminary hearing.

2.     After being placed under oath, Defendant Bonner admitted Violation # 2 from the June 9, 2025, petition, and Violation #1 from the November 17, 2025, petition. [Docket Nos. 7 and 16.]  The Government orally moved to withdraw the

remaining violation; said motion was granted by the Court. Violation #1 from the

June 9, 2025, petition dismissed.

3.     The allegations to which Defendant admitted, as set forth in the

petition, amended at the hearing, and summarized below, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"The Defendant shall not commit another federal, state, or local crime, during the period of supervised release."** |

On April 15, 2025, police responded to a report that M.T. was assaulted by Michael Bonner in Monroe County, Indiana. According to the victim, she was speaking with the offender's girlfriend and advised the girlfriend that she (M.T.) was pregnant with the offender's child. Mr. Bonner was present and allegedly exited a vehicle and grabbed M.T.'s hair, causing her to fall to the ground, and then dragged her around the vehicle. She sustained scrapes to her hand and knee as a result.

M.T. stated that she attempted to leave the scene, but Mr. Bonner had taken her car key. The offender allegedly grabbed her hair again and dragged her out of the vehicle, striking her head on the gearshift, resulting in visible swelling and a knot on her head. She then fled and contacted the police. Following the incident, M.T. received threatening text messages from the offender, wherein he stated that he would have killed her.

Mr. Bonner subsequently admitted to police that he was present during the argument and shoved M.T. A warrant was issued and served on June 1, 2025.

On or about February 17, 2026, Mr. Bonner was convicted of F5 Battery in Monroe County, Indiana, and sentenced to a three-year probationary sentence .

| 1 | **"Pending further order of the Court, Defendant's location shall be continuously monitored by stand alone global position system (GPS) monitoring. Defendant shall pay all or part of the cost of location monitoring, including** |

**equipment loss or damage, based upon his ability to pay, as determined by the pretrial services office or supervising officer."**

On October 17, 2025, the offender appeared before the Court and his conditions of supervised release were modified by adding the condition stated above. The offender was released from custody and placed on GPS monitoring the same day.

On November 16, 2025, the probation officer received an alert from BI Monitoring which reflected a "Tracker Strap Tamper" occurred at 15:46. The probation officer attempted to contact the offender by telephone but was unsuccessful. At 18:16, the probation officer spoke to a police officer with the Bloomington Police Department in Indiana who stated the offender cut off his GPS transmitter and then assaulted his ex-girlfriend, in the presence of a minor. Mr. Bonner fled before police arrived and had not been located as of the submission of the Probation Officer's November report.

4. The parties stipulated that:

(a) The highest grade of violation is a Grade B violation.

(b) Defendant's criminal history category is I.

(c) The advisory range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5. The government argued for an above-guidelines sentence of 24 months' imprisonment with no supervised release to follow. Defendant's counsel presented arguments in mitigation.

The Magistrate Judge, having considered the relevant factors in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the above-listed conditions, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney

General or her designee for a period of 17 months with no supervised release to follow.  The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

So RECOMMENDED.

Date: 02/24/2026

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

4